UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00245-JPH-TAB |
| | ) | |
| ROBERTO CRUZ-RIVERA | ) | |
| a/k/a ROBERT RIVERA | ) | |
| a/k/a ROBERTO CARLOS CRUZ | ) | -01 |
| RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant, Roberto Cruz-Rivera, has moved to dismiss the indictment with prejudice because it was untimely under the Speedy Trial Act. Dkt. [33]. For the reasons that follow, that motion is **GRANTED in part and DENIED in part**. The indictment, dkt. [9], is **DISMISSED without prejudice**.

**I.
Facts & Background**

On July 22, 2020, Mr. Cruz-Rivera was charged by criminal complaint with violating 18 U.S.C. § 2250(a) for failure to register as a sex offender. Dkt. 2. He was arrested on July 23, 2020, in the Northern District of Florida. Dkt. 33 at 1 ¶ 2; dkt. 35 at 2. That same day, Mr. Cruz-Rivera appeared by appointed counsel before a magistrate judge in Florida, *id.*, who ordered the United States Marshals Service ("USMS") to "transport the defendant . . . to [this] district and deliver the defendant" and "immediately notify [this district].

1

. . of the defendant's arrival so that further proceedings may be promptly scheduled," dkt. 5.

On September 15, 2020, the government filed a motion to extend time to file an indictment in this district, asking to retroactively exclude the period from September 1 until the filing of an indictment from the Speedy Trial Act's calculation. *See* dkt. 7. The magistrate judge granted that request, making an ends-of-justice finding[1] under 18 U.S.C. § 3161(h)(7). Dkt. 8.

On September 24, 2020, Mr. Cruz-Rivera was indicted for Failure to Register under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250(a). Dkt. 9.

Mr. Cruz-Rivera filed three *pro se* requests for dismissal of the indictment against him, dkt. 17; dkt. 21; dkt. 23, but the Court denied these requests and referred the issues to Mr. Cruz-Rivera's counsel,[2] dkt. 19; dkt. 20; dkt. 24.

On February 23, 2021, Mr. Cruz-Rivera's initial appearance was held in this district. Dkt. 29. On March 3, 2021, Defendant, by counsel, filed a motion to dismiss the indictment. Dkt. 33.

---

[1] The government has abandoned the ends-of-justice rationale in its response brief, conceding that its previous approach was "mistaken." *See* dkt. 35 at 4 n.2; *see Zedner v. United States*, 547 U.S. 489, 506–07 (2006) ("[T]he Act is clear that the [ends-of-justice] findings must be made . . . *before* granting the continuance . . . .") (citing 18 U.S.C. § 3161(h)(8)(A)) (emphasis added); *United States v. Janik*, 723 F.2d 537, 545 (7th Cir. 1983) ("Since the Act does not provide for retroactive continuances, a judge could not grant an 'ends of justice' continuance *nunc pro tunc* . . . .").

[2] "A defendant does not have a right to represent himself when he is also represented by counsel," so a court "has wide discretion to reject *pro se* submissions by defendants represented by counsel." *United States v. Cross*, 962 F.3d 892, 899 (7th Cir. 2020), *cert. denied*, No. 20-7062, 2021 WL 850708 (U.S. Mar. 8, 2021).

## II.
## Analysis

The Speedy Trial Act requires an indictment to be filed within 30 days of a defendant's arrest. 18 U.S.C. § 3161(b). If an indictment is not filed "within the time limit required by section 3161(b) . . . such charge against the individual contained in [the criminal] complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

### A. Dismissal of the Indictment

Mr. Cruz-Rivera asks the Court to dismiss the indictment with prejudice because it was filed 33 days after the Speedy Trial Act's 30-day arrest-to-indictment time limit had expired. *See* dkt. 33. It is undisputed that Mr. Cruz-Rivera was arrested on July 23, 2020, dkt. 33 at 1 ¶ 2; dkt. 35 at 2, and no indictment was filed until September 24, 2020, dkt. 9. It was thus approximately 63 days[3] from arrest to indictment, which exceeds the Speedy Trial Act's general 30-day limit by 33 days.

The government argues that this delay is excludable under Section 3161(h)(1)(F) of the Speedy Trial Act, *see* dkt. 35, which provides that a period of "delay resulting from transportation of any defendant from another district" "shall be excluded in computing the time within which an . . . indictment must be filed," "except that any time consumed in excess of ten days from the date . .

---

[3] In counting days, the Speedy Trial Act "exclude[s] the day of the event that triggers the period." Fed. R. Crim. P. 45(a)(1)(A).

. an order direct[s] such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."

The government has not shown that the delay in bringing the indictment "result[ed] from transportation" of Mr. Cruz-Rivera. *See* 18 U.S.C. § 3161(h)(1)(F). The government devotes most of its response to explaining why there was a delay in transporting Mr. Cruz-Rivera from Florida to Indiana. *See* dkt. 35 at 5–7. But the government has not explained why, as a threshold matter, it could not have pursued an indictment in Mr. Cruz-Rivera's absence. *See id.* And the arguments that the government presented in support of its motion for an extension of time to indict, *see* dkt. 7; dkt. 35 at 3, are belied by the fact that the government indicted Mr. Cruz-Rivera a short time after seeking the extension and months before he was transported, *see* dkt. 9. Moreover, the government admits that its failure to bring the indictment within the required timeframe was an oversight. Dkt. 7 at 2 ¶ 7. In short, the government has not shown a nexus between the delay in transporting Mr. Cruz-Rivera and the delay in bringing the indictment against him, so the transportation exclusion under Section 3161(h)(1)(F) of the Speedy Trial Act does not apply.

Because "no indictment or information [wa]s filed within the time limit required," the "charge against [Mr. Cruz-Rivera] . . . shall be dismissed." 18 U.S.C. § 3162(a)(1).

### B. Dismissal with or without prejudice[4]

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among other[ factors], . . . the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). In addition to these enumerated factors, "the court should consider whether the defendant has been prejudiced." *United States v. Sykes*, 614 F.3d 303, 309 (7th Cir. 2010).

#### 1. Seriousness of the Offense

Mr. Cruz-Rivera is charged with Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a), a very serious offense. Violations of this statute are punishable by up to ten years' imprisonment, and the offense that requires Mr. Cruz-Rivera to register is first-degree rape. *See* dkt. 35 at 8. There is a strong public interest in enforcing laws designed to keep track of persons convicted of sex offenses. *See Carr v. United States*, 560 U.S. 438, 441 (2010). The seriousness of the charged offense weighs in favor of dismissal without prejudice.

#### 2. Facts and Circumstances

The facts and circumstances of the events leading to dismissal include both the government's and the defendant's roles in the delay. *See United States v. Taylor*, 487 U.S. 326, 338–40 (1988). The Court asks first whether

---

[4] Mr. Cruz-Rivera's requests a hearing on this issue, but he has pointed to no case law requiring such a hearing under the Speedy Trial Act nor has he designated disputed facts that a hearing could help resolve. *See* dkt. 33 at 2. Therefore, his request for a hearing is **DENIED**.

"the Government acted in bad faith" with respect to the defendant, whether there is "any pattern of neglect by the local United States Attorney," or any other "apparent antipathy" toward the defendant. *Id.* at 339.

Here, the government states that its delay was an "oversight," dkt. 35 at 9, and that it "acted in good faith and sought to rectify the issue by seeking a court-ordered extension of time to indict," *id.* at 2. The government also contends that the COVID-19 pandemic contributed to the delay in bringing the indictment. *See id.* at 2.

Mr. Cruz-Rivera responds "that the government's intentional delay was to harass, to gain tactical advantage . . . and to knowingly violate his rights," but he has not supported these claims. Dkt. 37 at 4; *see Taylor*, 487 U.S. at 339. While the government's attempt to remedy the oversight was mistaken, dkt. 35 at 4 n.2, its explanations for the delay are plausible, and Mr. Cruz-Rivera has not shown that the delay was the result of bad faith, misconduct, or a pattern of neglect. On balance, this factor also supports dismissal without prejudice. *See Sykes*, 614 F.3d at 310.

Last, Mr. Cruz-Rivera does not appear to have engaged in any level of "culpable conduct" that may have contributed to "the failure to meet the timely . . . schedule." *Taylor*, 487 U.S. at 340.

In sum, the facts and circumstances of the delay here weigh in favor of dismissal without prejudice.

### 3. Impact of Reprosecution

As to the impact of reprosecution on the administration of justice and of the Speedy Trial Act, the Supreme Court "encourage[s] district courts to take" this factor seriously and has explained that "[i]t is self-evident that dismissal with prejudice . . . is more likely to induce salutary changes in procedures, reducing pretrial delays." *Taylor*, 487 U.S. at 342. However, this factor "does not require dismissal with prejudice for every violation" because "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds," which "may make reprosecution, even if permitted, unlikely." *Id.* Although the statute of limitations does not appear to be an issue yet in this case, *see* 18 U.S.C. § 3282(a), dismissal without prejudice would still place a burden on the government to seek a new indictment. Therefore, the impact of dismissal without prejudice here would not detract from the Speedy Trial Act's goal of "assur[ing] a speedy trial" for defendants and the public. *See* 18 U.S.C. § 3161(a).

### 4. Prejudice

Finally, courts should consider "the presumptive or actual prejudice to the defendant" due to a delay beyond the Speedy Trial Act's limits. *Taylor*, 487 U.S. at 340. "The longer the delay, the greater the . . . prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." *Id.* Specifically, courts consider whether the delay "disrupt[ed] his

7

employment, drain[ed] his financial resources, curtail[ed] his associations, subject[ed] him to public obloquy, and create[d] anxiety in him, his family, and his friends." *Id.* (citations omitted).

Here, Mr. Cruz-Rivera faced a 33-day delay beyond the Speedy Trial Act's allowable period for bringing an indictment, but that alone is not enough to justify dismissal with prejudice. *See Sykes*, 614 F.3d at 310 ("[A] delay of 224 nonexcludable days does not by itself require dismissal with prejudice.").

While Mr. Cruz-Rivera "feels [that] his life . . . was stripped from him the day of his arrest" and that he has suffered "irreparable harm," dkt. 37 at 4, such generalities do not constitute prejudice, *see Sykes*, 614 F.3d at 310–11. He has not, for example, shown that the 33-day delay harmed his ability to prepare for trial or caused him prejudice beyond that involved with a criminal prosecution in general. *See United States v. Scott*, 850 F.2d 316, 321 (7th Cir. 1988) (stating that a showing of prejudice requires "evidence of anxiety beyond that which reasonably corresponds with a criminal prosecution, conviction, and imprisonment"). Moreover, Mr. Cruz-Rivera is also under separate criminal charges based on the same facts brought by the State of Indiana. *See State of Indiana v. Cruz-Rivera*, Case No. 49D18-2003-F6-012519 (Marion Cty. Super. Ct. Mar. 27, 2020). Therefore, Mr. Cruz-Rivera has not shown that any challenges he has faced rise to a level requiring dismissal with prejudice.

Considering all relevant factors, dismissal without prejudice is appropriate.

## III.
## Conclusion

For the reasons discussed above, Mr. Cruz-Rivera's motion to dismiss the charge against him with prejudice is **GRANTED in part and DENIED in part**. Dkt. [33]. The indictment, dkt. [9], is **DISMISSED without prejudice**. The government's request for a 21-day stay of the execution of the order of dismissal, dkt. 35 at 10-11, which is not supported by authority, is **DENIED**.

**SO ORDERED.**

Date: 5/5/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
adam.eakman@usdoj.gov

Dominic David Martin
INDIANA FEDERAL COMMUNITY DEFENDERS
dominic_d_martin@fd.org